UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                          Chapter 7

Harvey Goldman & Company,                       Case No. 10-62501
a/k/a Worldwide Equipment Company,
                                                Hon. Phillip J. Shefferly
        Debtor.
_____/

**ORDER (1) GRANTING EX-PARTE MOTION TO TREAT
DEBTOR'S MOTION FOR RECONSIDERATION AS TIMELY
FILED; AND (2) DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

On July 14, 2010, this case was commenced by the filing of an involuntary bankruptcy petition under § 303(a) of the Bankruptcy Code. The Alleged Debtor filed a motion to dismiss the involuntary petition, and a motion to abstain from hearing the involuntary petition. On October 22, 2010, the Court held a hearing on the motion to dismiss and the motion to abstain. At the conclusion of the hearing, the Court denied both of those motions, and fixed the date for the Alleged Debtor to file an answer to the involuntary petition. Also, because there were disputed issues of fact regarding the involuntary petition that were identified on the record at the hearing on October 22, 2010, the Court determined to schedule a trial of the involuntary petition. After conferring on the record with counsel for the Petitioning Creditors and counsel for the Alleged Debtor, the Court authorized discovery to be taken, set a schedule and other parameters for discovery, and scheduled the trial for November 10, 2010.

On November 10, 2010, the Court conducted the trial of the involuntary petition. The Petitioning Creditors and the Alleged Debtor called numerous witnesses and introduced numerous documents into evidence. At the conclusion of the trial, the Court made its findings of

fact and conclusions of law on the record, rendered a decision from the bench granting the involuntary petition, and then explained all of its reasons for granting that involuntary petition. The Court instructed counsel for the Petitioning Creditors to prepare a proposed order granting the involuntary petition and have it approved for entry by counsel for the Alleged Debtor before submitting it to the Court for entry. The order for relief (docket entry no. 55) was entered on November 16, 2010. A Chapter 7 trustee was appointed, and the case has proceeded since then in Chapter 7.

On December 1, 2010, the Debtor filed a motion for reconsideration (docket entry no. 63). The motion for reconsideration was not filed by the law firm that represented the Alleged Debtor in defending the involuntary petition and conducting the trial of the involuntary petition on November 10, 2010, but instead was filed by Stuart Sandweiss, an attorney who did not participate in the trial of the involuntary petition, but who had previously filed a notice of appearance (docket entry no. 12) on August 27, 2010, on behalf of "interested party Sandweiss Law Center, P.C." On December 1, 2010, the Debtor, by the same attorney, also filed an ex-parte motion (docket entry no. 64) requesting the Court to treat the Debtor's motion for reconsideration as timely filed on November 30, 2010. The Court has reviewed the motion for reconsideration and the ex-parte motion requesting that the Court treat the motion for reconsideration as having been timely filed. The Court will first address the ex-parte motion requesting the Court to treat the motion for reconsideration as timely filed, and then will address the motion for reconsideration.

Local Bankruptcy Rule 9024-1(a)(1) provides that the deadline to file a motion for reconsideration of an order on the grounds that it was erroneous in fact or law is 14 days after the

entry of the order. Because the order for relief was entered in this case on November 16, 2010, the 14 day deadline imposed by L.B.R. 9024-1(a)(1) expired on November 30, 2010. The Debtor's ex-parte motion requests that the Court treat the Debtor's motion for reconsideration as timely filed, even though it was not filed until December 1, 2010. The ex-parte motion asserts that the Debtor attempted to file the motion for reconsideration at 10:31 p.m. on the evening of November 30, 2010, but that the Court's ECF server was "down" and, as a result, the Debtor was unable to file the motion for reconsideration until December 1, 2010. The ex-parte motion states that under the Court's ECF Procedure 13, the Court may, in the event of a "technical failure" in the Court's ECF system, determine whether to extend a filing deadline that might otherwise exist. Therefore, the ex-parte motion requests that the Court extend the 14 day deadline under L.B.R. 9024-1(a)(1) from November 30, 2010 until December 1, 2010 so that the Debtor's motion for reconsideration may be treated as timely.

The Court does have authority to extend certain deadlines in the event of a technical failure that causes a party to be unable to file a paper with the Court. However, in this case, there was no technical failure that prevented the Debtor from filing its motion for reconsideration. On November 19, 2010, the Bankruptcy Court Clerk issued a notice and sent it to all users of the Court's ECF system informing them that the Court's ECF system would be inaccessible beginning at 10:00 p.m. on Tuesday, November 30, 2010 through 12:30 a.m. on Wednesday, December 1, 2010. The notice was also posted by the Bankruptcy Court Clerk on the Bankruptcy Court's website on November 19, 2010. The notice explained that the Court was shutting down the Court's ECF system for this 2-1/2 hour period of time to enable the Court to make the necessary changes to the Court's ECF system to implement amendments to the Federal

-3-

10-62501-pjs    Doc 77    Filed 12/02/10    Entered 12/02/10 17:20:59    Page 3 of 7

Rules of Bankruptcy Procedure and changes to the Official Bankruptcy Forms that became effective December 1, 2010. The announced shutdown of the Court's ECF system for this limited 2-1/2 hour period of time was made in the same manner that the Court has historically handled the implementation of amendments to the Federal Rules of Bankruptcy Procedure and changes to the Official Bankruptcy Forms. The Court selects the smallest period of shutdown possible, effectuates the shutdown only when necessary to implement mandated changes to rules and forms, and implements the shutdown during a time of day that has the lowest volume of ECF usage. Consistent with its past practice, the Court both posts a notice of the shutdown on its website and also sends the notice by email to all registered users of its ECF system in advance to inform them of the brief period of necessary shutdown so that they may adapt their schedules accordingly. Based on the fact that he had previously filed a notice of appearance in this case on August 27, 2010, it appears to the Court that Stuart Sandweiss is a user of the Court's ECF system. As such, he should have known about this shutdown in advance. The Debtor's ex-parte motion does not mention the notice previously issued by the Court shutting down the ECF system at this time, suggesting to the Court that the Debtor's attorney is still unaware of the scheduled shutdown. Therefore, although it is true that the Court's ECF system was not accepting filings at 10:31 p.m. on November 30, 2010 when the Debtor attempted to file its motion for reconsideration, there was no technical failure of the Court's ECF system within the meaning of ECF Procedure 13 that prevented the Debtor from filing its motion for reconsideration at 10:31 p.m. on November 30, 2010. Nonetheless, the Court has determined to grant the Debtor's ex-parte motion and treat the Debtor's motion for reconsideration as timely filed because it does appear that the Court's ECF system was inaccessible when the Debtor

attempted to file the motion for reconsideration on November 30, 2010, the last day of the time permitted to file such motion under L.B.R. 9024-1.

The Court next turns to the merits of the Debtor's motion for reconsideration. The motion for reconsideration argues that the Court made a number of factual and legal errors in its ruling granting the involuntary petition. The motion for reconsideration attaches a number of documents in support of this assertion. The Court has reviewed each of the asserted errors of fact and law, and concludes that none of them meet the standard required by L.B.R. 9024-1(a)(3). That local rule provides as follows:

> **(3) Grounds.** Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

The Debtor's motion for reconsideration does not identify any palpable defect by which the Court and the parties were misled, the correction of which requires a different disposition of the case. The motion for reconsideration instead relies on facts which the Debtor now considers to be relevant, all of which appear to have been known by the Debtor prior to the trial on November 10, 2010. For example, attached to the Debtor's motion for reconsideration is a transcript of a deposition of Perez Moses that was taken prior to the trial. The Debtor's motion for reconsideration also attaches an affidavit of David Simcha, the president of the Debtor, signed on November 30, 2010. Both of these individuals testified at the trial on November 10, 2010. Both counsel for the Petitioning Creditors and counsel for the Debtor had a full and fair opportunity to examine them at the trial. The Court listened to their testimony, assessed their credibility, and took all of their testimony into consideration in making its findings. There is

no basis for the Debtor to now request the Court to somehow consider either a transcript of an earlier deposition of Perez Moses, or an after the fact affidavit of David Simcha, both of which do nothing more than set forth various facts that were in the knowledge and possession of these witnesses prior to the time that they testified at the trial on November 10, 2010. The Court does not see how those facts, or any of the other facts or legal arguments that are raised in the Debtor's motion for reconsideration, would in any way have resulted in a different disposition of this case.

A motion for reconsideration is not an opportunity for the Debtor to retry the case just because the Debtor does not like the outcome of the trial. The Debtor had a full and fair opportunity to introduce whatever evidence the Debtor thought was relevant to the disposition of the issues on November 10, 2010. The Debtor was represented by very able counsel, who vigorously advocated for the Debtor. The record made at that hearing was very thorough. All of the facts, law and issues identified in the Debtor's motion for reconsideration were either expressly or impliedly ruled upon by the Court at the November 10, 2010 trial. The Debtor's motion for reconsideration does not come close to meeting the standard of L.B.R. 9024-1(a)(3). Therefore, the Court has determined to deny it. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's ex-parte motion (docket entry no. 64), requesting the Court to consider the Debtor's motion for reconsideration to be timely filed, is granted.

**IT IS FURTHER ORDERED** that the Debtor's motion for reconsideration (docket entry no. 63) is denied.

**Signed on December 02, 2010**

                                                  /s/ Phillip J. Shefferly
                                                  Phillip J. Shefferly
                                                  United States Bankruptcy Judge